## TANNER, Sr., v. VILLAGE OF ALLIANCE and others.

*(Circuit Court, N. D. Ohio, E. D. October Term, 1886.)*

COURTS—UNITED STATES CIRCUIT COURT — JURISDICTION — INTOXICATING LIQUORS—INJUNCTION—CONSTITUTIONAL LAW—CONST. U. S. AMEND. 14.

A citizen of Ohio, engaged in the business of selling liquors, applied for an injunction against a village in the same state, to restrain it from enforcing an ordinance "to prohibit ale, beer, and porter houses, and other places where intoxicating liquors are sold at retail," which was passed under the provisions of an act of the legislature called the "Dow Law," on the ground that it was in violation of the constitution of the state, and of the United States, *Held*, (1) that the court had no jurisdiction to afford the relief asked, the bill and the affidavits not making a federal question, and all the parties being citizens of the state of Ohio; (2) that the ordinance does not conflict with the fourteenth amendment of the constitution of the United States; (3) that the ordinance does not deprive complainant of his property; (4) that the ordinance is only a police regulation, in the interest of the public morals, and for the common good.[1]

In Equity. Application for an injunction to restrain the enforcement of an ordinance of the village of Alliance, Ohio, prohibiting the sale of intoxicating liquors.

The complainant alleged that for the last 20 years he had been engaged in the business of selling distilled, malt, and vinous liquors, lawfully, in the village of Alliance, in Ohio, and in pursuance of said business he had acquired property, a part of which was real estate, in said village, upon which he had made extensive improvements,

[1] See Kessinger v. Hinkhouse, 27 Fed. Rep. 883; State v. Walruff, 26 Fed. Rep. 178; Weil v. Calhoun, 25 Fed. Rep. 865.

in the way of fitting it for the purpose of carrying on said business; that he had placed there, at great expense, fixtures and furniture, and had placed therein a stock of liquor; in so doing, he had acquired an extensive business in the lawful sales of liquor, as stated; that the good-will of the business was of large pecuniary value to him; that said property so acquired would be worth $15,000 if he was permitted to carry on the business as it had always been provided by the laws of Ohio, and under which laws his money was invested, and his business built up; and that, if he is deprived of carrying on said business, his property will not be worth more than $7,500; that the said village of Alliance, on the twentieth of August, 1886, enacted an ordinance, taking effect on the seventh of September, 1886, "to prohibit ale, beer, and porter houses, and other places where intoxicating liquors are sold at retail," and sets out the ordinance; this ordinance was passed under the provision of an act of the legislature called the "Dow Law;" that under this law he had paid the tax required to be paid to carry on his said business in said village. He states, in substance, that this ordinance prevents him, with severe penalties, from carrying on his business, and disposing of his stock; that thereby his property is taken for public use, and no provision is made for compensation therefor, and in that way his property is taken without due process of law. He asks an injunction to restrain the village from enforcing the law, and also to have it declared to be in violation of the constitutions of the state and of the United States.

*Miller & Pomerine* and *Estep, Dickey & Squire,* for complainant. *Fording & Hoover,* for respondents.

WELKER, J., refused the injunction, and held: (1) That the court had no jurisdiction to afford the relief asked, the bill and the affidavits not making a federal question, and the parties being citizens of the state of Ohio. (2) That the ordinance does not conflict with the fourteenth amendment of the constitution of the United States, which provides that "no state shall deprive any person of life, liberty, or property without due process of law." (3) That the ordinance does not deprive complainant of his property. It only undertakes to prevent him from "keeping," within the limits of the village, an ale, beer, or porter house, or a place where intoxicating liquors are sold at retail. He may, under it, sell his stock in trade in any way he can, except in such a way as will make him such "keeper." (4) That the ordinance is only a police regulation, in the interest of the public morals, and for the common good; and, although it may in some measure affect the value of his property, or interfere with its use in the purposes for which it was obtained, it does not thereby "deprive" him of his property to any greater extent than a large class of legislation, both state and national, that has not been questioned in our public laws. (5) That, there being no federal question involved, the other grounds of relief claimed by the complainant are not con-

sidered by the court, leaving the same to the state courts for adjudication.

JACKSON, J., concurs.