*254
 
 Hart, J.,
 

 dissenting. I agree that the regulation and control of the liquor traffic are within the province of the state government in the exercise of its police power, but the regulation of such traffic is also within the province of a municipal government under its power of' local police regulation. Both governmental entities possess constitutional power of regulation with relation to matters which conserve the public health, morals, safety or public welfare within their respective territorial limits. 23 Ohio Jurisprudence, 101, Section 5;
 
 Village of Struthers
 
 v.
 
 Sokol,
 
 108 Ohio St., 263, 140 N. E., 519;
 
 City of Youngstown
 
 v.
 
 Evans,
 
 121 Ohio St., 342, 168 N. E., 844. See, also, 26 A. L. R., 664. Municipalities derive no authority from, and are subject to no limitation of, the General Assembly, concerning police regulations of this kind, except that ordinances shall not be inconsistent with the general laws of the state
 
 prohibiting
 
 the manufacture, possession or sale of intoxicating liquors for beverage purposes and the keeping of places where intoxicating liquors are manufactured, sold, and furnished for beverage purposes.
 
 Heppel
 
 v.
 
 City of Columbus,
 
 106 Ohio St., 107, 140 N. E., 169.
 

 The question remaining is whether the ordinance of the city of Columbus is in conflict with the act of the General Assembly with reference to the licensing of the liquor traffic. The state Liquor Control Act gives the Department of Liquor Control power “to control the traffic in beer and intoxicating liquor in this state, including the manufacture, importation, and sale thereof,
 
 as in this act provided,”
 
 and “to grant or refuse permits for the manufacture, distribution, transportation and sale of beer and intoxicating liquor and the sale of alcohol,
 
 as authorised or required by this act.”
 
 (Italics mine.) See Section 6064-8, General Code. The act further provides that no person shall manufacture for sale, or sell any beer or intoxicating liquor in this
 
 *255
 
 state unless such person shall have fully complied with the provisions of the Liquor Control Act or shall be the holder of a permit issued by the Department of Liquor Control and in force at the time. See Section 6064-14, General Code. Certain classes of permits
 
 may be issued
 
 to manufacture or to sell beer or other liquors for which certain fees shall be charged.
 

 The act also provides that permits of certain classes shall not be issued in any municipal corporation, or any township exclusive of any municipal corporation or part thereof therein, in which at the November 1933 .election a majority of the electors voting thereon voted against the repeal of Section 9 of Article XV of the Constitution of Ohio, unless the sale of spirituous liquors by the glass shall thereafter be authorized by a majority vote on the question in such municipal corporation or township or part thereof. See Section 6064-17, General Code. And the act provides that the privilege of local' option as to the sale of intoxicating liquors is conferred upon the electors of all municipal corporations, residence districts in municipal corporations consisting of two or more contiguous election precincts therein, and townships exclusive of any municipal corporation or part thereof therein located. See Section 6064-31, General Code. If a majority of the electors voting on such questions in any such district vote “ no ” on the question, it shall be unlawful for any Class C or Class D permit holder to sell intoxicating liquors of any kind within the district, concerned during the period of the effectiveness of such election. See Section 6064-34, General Code. In case, as a result of such election, the use of a permit shall be made wholly unlawful, the department shall forthwith cancel such permit. See Section 6064-37, General Code. And whenever the Department of Liquor Control shall cancel a permit, as required by any provision of this act, the department shall refund
 
 *256
 
 to the holder thereof, a proportionate amount representing the unexpired portion of his permit year, excepting that such refund shall in no event be more than 90 per cent of such fee and if the unexpired term is less than 30 days no refund shall be made. See Section 6064-39, General Code.
 

 If, aside from the provisions of the Liquor Control Act, pertinent portions of which are above noted, the legislative authority of a municipal corporation has the power under the Constitution to regulate or prohibit the sale of intoxicating liquors within the municipality during certain designated hours, do the provisions of the act take away from the municipal corporation that constitutional power? In my opinion they do not. Since, under the act, a license may not be granted or used within a territorial unit which in 1933 voted against the repeal of Section 9, Article XY of the state Constitution, unless such unit has since authorized the sale of liquors therein, and since the adoption of local option suspends the operation of the act within the local option territory and as a result the use of the permit shall be made wholly unlawful therein, it is my opinion that a like result necessarily follows when a municipality exercises its power to regulate or prohibit the traffic, which power the ac’t does not even remotely attempt to take away. It .seems to bo the spirit of the act to protect territory which by law has been or may be made immune from the liquor traffic, by making the
 
 use
 
 of a license unlawful in such territory.
 

 The authorities of any particular municipality are in a position to know the needs and requirements of the community and what regulations will best subserve that purpose, and it is the policy adopted by the people of this state to accord its municipalties a high degree of home rule.
 

 I am of the opinion that a license or a permit under
 
 *257
 
 the law to do an act permitted thereunder does not create a continuing or permanent right to exercise the privilege granted, but only for the period of the license or so long as the privilege may be lawfully exercised. Such licenses create ‘no contract or property right in the individual receiving them and may be revoked or terminated whenever it becomes-unlawful to exercise them.
 
 State, ex rel. Zugravu,
 
 v.
 
 O’Brien,
 
 130 Ohio St., 23, 196 N. E.,664;
 
 Tanner, Sr.,
 
 v.
 
 Village of Alliance,
 
 29 F., 196.
 

 Williams, J., concurs in the foregoing dissenting opinion.