### RIO BAR, Inc. v. STATE.

Common Pleas Court, Franklin County.

No. 188588. Decided February 19, 1954.

Fred W. Garmone, H. David Lefkowitz, Cleveland, for appellant.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By CLIFFORD, J.

This appeal arises from an order and findings of the Board of Liquor Control refusing to renew a Class D-5 permit by reason of charges against the appellant under the provisions of Regulation 12, Section III and Regulation 52. The relevant part of the order appealed from is set forth as follows:

"Said Board finds that the appellant knowingly and willfully, on numerous occasions, allowed improper conduct, loud and immoral activities in, upon and about the permit premises, in that the appellant knowingly and willfully allowed and permitted the permit premises to be a loitering place and rendezvous for prostitutes, and open and notorious solicitation of patrons by prostitutes was carried on, on numerous occasions, with the knowledge of the appellant, and by reason thereof the Board finds the appellant is not entitled to the renewal of said permit."

No consideration is given in this opinion to the findings of the Department of Liquor Control in connection with Regulation 59 since such findings are superfluous and only the record taken before the Board of Liquor Control is pertinent to the appeal before this Court.

The applicable part of Regulation 12, Section III reads:

"In determining whether to grant or refuse a permit the Department shall consider environmental factors affecting the maintenance of public decency. sobriety and good order * * *. If the Department shall find that no substantial prejudice to public decency, sobriety, and good order will result. it may issue the permit. For the purpose of this Regulation, however, the Department shall presume, in the absence of affirmative evidence to the contrary, that the renewal of permits and the transfer of permits to successors in interest at the same

locations will not prejudice the maintenance of public decency, sobriety and good order."

Regulation 52 states in part:

"No permit holder shall knowingly or wilfully allow in, upon or about his licensed premises improper conduct of any kind or character; any improper disturbances, lewd, immoral activities or brawls * * *."

The facts are gathered from the testimony of two inspectors of the Department of Liquor Control. One of the inspectors testified in regard to several inspections he had made over a period of approximately two weeks. Some of the inspections were made by himself alone, and others in company with another inspector. These inspections establish a course of conduct both in and adjacent to the permit premises. He testified that on these occasions he observed women in front of the premises yelling at cars and making solicitations of men on the street. The inspector also testified that on entering appellant's premises he observed some the same women seen on the street circulating among the booths and soliciting male patrons. The inspector also testified he was approached by women on the premises and solicited by them. On one occasion when both inspectors were seated at the bar, they were approached by women, and during the conversation, the purpose of the women to prostitute themselves was made clear and the price stated. During this conversation two of the bartenders, then working on the premises, indicated their acquaintanceship with the women involved, and made reference to their desirability. During all the inspections, the same bartender was present and the inspector recognized some of the same women present on every inspection trip he made.

Upon reading the record, there can be no doubt but that prostitution and immoral conduct were being engaged in, both on the permit premises and in the general neighborhood. If it could be shown that the permit holder did not have knowledge, actual or constructive, of this illegal activity, then this fact in a proper case would be a defense. But we do not understand appellant to say that the employees of the permit holder did not know of the illicit activity, and after reading the record it is clear that this position could not be maintained even if it were asserted. There is present in the record such a full measure of evidence, both direct and circumstantial, to the effect that the employees of the permit holder, Rufus Nelson and Nick Albondante, knew of the prostitutes' activity on the premises over a considerable period of time that there can be no bona fide dispute of the point.

Judge Fess at page 497 of his "Ohio Instructions to Juries"

describes the application of circumstantial evidence, and we cite this work as our authority for recognizing circumstantial evidence in the case at bar:

"Evidence is either positive or direct, that is, a recital of facts testified to by eye witnesses, or circumstantial—a recital of facts or mere circumstances connecting one with the commission of an act. Inferences of fact may be drawn from circumstantial evidence as well as from positive and direct evidence, but the circumstances must be such as to make the fact alleged to appear more probable than any other. The fact in issue must be the most natural inference from the circumstances proved."

Appellant contends in his brief, however, that neither the tacit nor verbal permission of the bartenders allowing the women on the premises can become the words or acts of the permit holder and owners, on the grounds that the act of the servant outside the scope of his authority cannot be regarded as the act of the master. Appellants cite **Little Miami R. Co. v. Wetmore, 19 Oh St 110,** and **Vrabel v. Acri, 156 Oh St 467,** 103 N. E. 2d 564, 30 A. L. R. 2d 853, in support of this proposition, but these cases are not applicable. The first case is one concerning a ticket agent who became enraged at the conduct of a passenger and inflicted upon the passenger a blow with a hatchet. In the second case a partner-owner suddenly drew out a .38-caliber gun and shot a patron. In both cases it was sought to make the tort-feasor the servant of the defendant and thus hold the master in damages. The law in these cases does not fit the case at bar.

The Court finds the law lucidly described on this point at 2 O. Jur. 2nd 233 and 2 O. Jur. 2nd 235, and cases cited in the footnotes therein, and it was held in **Wittenberg v. Board of Liquor Control, 52 Abs 65,** 80 N. E. 2d 711, that "where a permit holder's employee permitted the premises to be used for immoral purposes, evidence supported conclusion that the licensee had reasonable cause to know that the place he was operating was to be used for a disorderly place and warranted revocation of the permit." The owner had knowledge. The interests of sound business and good morals preclude the Court in this case from holding otherwise.

Appellant offers the proposition that any misfeasance, malfeasance and nonfeasance on the part of Rio Bar, Inc., cannot now be imputed to the receiver for that organization. This contention has no merit. Our problem here is whether or not the record supports the Board's order. The statute under which this appeal is brought, §119.12 R. C., §154-73 GC, reads

"* * * The court may affirm the order of the agency com-

plained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law."

This statute applies to a permit held by a receiver, and a ■ receiver standing in the shoes of the original permit holder takes the permit subject to all the liabilities then attaching to it, and if the permit could be revoked when in the hands of the original holder, then the permit assumes no greater stature when held by a receiver for the permit holder.

The Court recognizes the possibility that creditors of the Rio Bar, Inc., may be penalized, but the Court is bound by the statute and the public welfare. There is no express or implied authority in the statute just quoted which makes the rights of creditors grounds for reversal of the Board's order. In the absence of a finding that the order of the Board is not supported by reliable, probative and substantial evidence, and therefore not in accordance with law, §119.12 **R. C.,** §154-73 **GC,** requires this Court to affirm the Board's order. In this case a matter of greater public interest than the rights of creditors is in issue, and the interest which the law has in seeing creditors paid is over-balanced here by the duty of the law to enforce the principles of public decency.

In the case of **State ex rel. Zugravu v. O'Brien, 130 Oh St 23** at **page 27,** 196 N. E. 664 at page 666, the Court said:

"It follows that if the permit is terminated in a lawful manner under the provisions of the act creating it, the licensee cannot complain as his license to operate was issued to him subject to that contingency."

At **34 O. Jur. 994,** it is said:

"It is a well settled general rule that a receiver acquires no greater right in the property put in his possession by the appointing court than his debtor had. He takes the property in the same plight and condition and subject to the same rights, equities and liens as it stood in the hands of the person or corporation out of whose possession it is taken."

Certainly, if this rule applies to ordinary commercial transactions, the state has a right to apply it when the public interest requires, especially when that right is sought to be enforced against a revocable license granted by the state. Where the permit holder has made himself liable to a revocation by reason of his own criminal conduct, neither he nor his creditors can be heard to cry through the mouth of the receiver that the penalty provided by statute shall not be invoked.

Attorney for appellant urges in his brief that there was no

testimony respecting citations issued by the Department in hearings before it and that there was an absence of affirmative evidence before the Department and that the entire proceedings before the Director of the Department of Liquor Control deprived appellant of a fair hearing.

The Court respectfully reiterates that the appeal before this Court is made on the record of the hearing before the Board of Liquor Control. The Court directs the attention of appellant to §4301.26 R. C., §6064-25 GC, §4301.27 R. C., §6064-26 GC and §4301.28 R. C., §6064-27 GC. It is to be observed that a formal record as such is not ordinarily made in proceedings within the Department and that this appeal has been made in compliance with statute. The record taken before the Board rebuts any inference that may be said to arise to the effect that the Department had no affirmative evidence before it to substantiate the revocation. There has been no violation of Regulation 12, Section III by the Department.

The Court finds that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence, and that the order of the Board is in accordance with law. The order of the Board is affirmed.