## MOZINGO v. BOARD OF LIQUOR CONTROL.

Common Pleas Court, Franklin County.

No. 188967. Decided April 16, 1954.

Simon L. Leis, Cincinnati, for appellant.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellee.

**OPINION**

By CLIFFORD, J.

This cause is before this court on appeal from a decision of the Board of Liquor Control, suspending the appellant's D-1, D-2, D-3 and D-3A permits for a period of sixty days.

The action of the Board stems from an occurrence on October 3, 1953, in which two police officers visited the permit premises of the appellant and observed an employee of the appellant make a sale of beer in excess of 3.2% of alcohol by weight to one Archie Wesley, a minor who was then seventeen years of age. Two charges based upon this occurrence were made against appellant Mozingo when the case was before the Department of Liquor Control, but only one charge, to-wit: that an employee of the. permit holder had been **convicted** of selling a prohibited beverage to a minor in violation of §4301.22 R. C. Par. A, §6064-22 GC and §4301.25, Par. A, §6064-25 GC, was prosecuted before the Board of Liquor Control.

The only issue argued to this court on appeal was the identity of the employee of the permit holder. Otherwise stated, appellants argue that the Madeline Mays who was arrested by the officers as the employee who made the sale is not the same person who was **convicted** of making the sale. Although a journal entry of the conviction of Madeline Mays was admitted in evidence, appellants continue to maintain that the Madeline Mays who was convicted of an unlawful sale to a minor is not the same person as the Madeline Mays who was an employee of the permit holder.

Nothing of this contention appears in the record of this case taken before the Board of Liquor Control. The record **does** establish that the permit holder had a waitress named Madeline Mays who was arrested for an unlawful sale to a minor on October 3, 1953. The waitress was an employee of the permit holder.

The Department's Exhibit A, duly admitted in evidence, is a certified copy of a journal entry of the Municipal Court of Cincinnati in which proceeding a person named Madeline Mays was convicted of the offense charged in the Department's specification.

In this case there is an identity of name, and **nothing** in the record or elsewhere to show that the Madeline Mays who was convicted of the unlawful sale is not the Madeline Mays who

was arrested by the officers for the unlawful sale. The testimony of the police officer adequately establishes that a Madeline Mays was arrested as an employee of the permit holder for an illegal sale to a minor. Exhibit A of the appellee clearly establishes that a Madeline Mays was convicted for such an offense soon after the date of the arrest.

In this state of the facts, a presumption arises that there is only one Madeline Mays in this case; that the one arrested was the one convicted. At **17 O. Jur. 100, 101,** we find the applicable law:

"The rule in Ohio seems to be that identity of persons will be presumed from identity of names, especially if the name is not a common one, or if the surnames and given names are identical."

Further support for this view is found at 20 Am. Jur. 203 and 205, since this court has no evidence in the record or elsewhere rebutting the presumption of similar identity arising in this case. There is no evidence to show that there was in fact more than one Madeline Mays in the vicinity, and furthermore, all the circumstances surrounding the case at bar support the presumption that the Madeline Mays arrested for the offense charged herein is in fact one and the same person as the Madeline Mays convicted of the offense.

This court adopts the statement at 20 Am. Jur. 205 as declarative of the law in the case at bar:

"206. In Criminal Prosecutions.—According to some courts, in criminal prosecutions, where the name is not a common one and there is nothing to indicate that more than one person in the vicinity was known by the same name, proof of the identity of names is sufficient to warrant the conclusion of identity of persons, until the contrary appears. According to these courts, however, the rule is otherwise where the name is a common one and there are several persons who are known by it and are located in the same place. In some cases the courts have denied that in criminal prosecutions prima facie proof of identity can be made by mere proof of identity of names. On the other hand, there are cases in which the presumption of identity of persons or identity of names seems to have been indulged without any qualification."

The testimony of the permit holder clearly establishes that the waitress Madeline Mays was an employee of the permit holder at the time of the illegal sale. The Court deems it unnecessary in this case to cite authority to the effect that the act of the agent is the act of the principal.

The Court finds the decision of the Board of Liquor Control to be supported by probative, reliable and substantial

evidence and the Court further finds the decision of the Board to be in accordance with law. The order of the Board is affirmed.