**KOSICK, d. b. a. WELCOME INN, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5302.   Decided October 5, 1955.

Leonard J. Stern, Columbus, O. V. Blumenstiel, Alliance, for appellant.
Hon. C. William O'Neill, Atty. Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control revoking certain permits of appellant.

The charge against the appellant was that

"On August 21, 1954, you and/or your agent or employee did knowingly and wilfully allow in and upon the permit premises improper and immoral activity, to wit, the loitering and soliciting of prostitutes, in violation of provisions of the Liquor Control Act," etc.

We have reviewed orders involving this rule. The language requires not only allowance of the improper and immoral activity against which the rule is directed, but that it be done knowingly and wilfully and the rule provides that this knowledge and wilfullness apply to the permittee.

The broadest possible construction that can be given to this rule in favor of the Department and the Board is that the acts complained of should have been known by the permittee, either directly or by imputing the knowledge of a bartender or one in charge, to the permittee.

In this case, as we understand the claim of counsel for appellee, there is no contention of express knowledge of the acts complained of either by the owner or her bartender who was in charge. The record clearly requires this conclusion because the permittee was not present during the solicitation nor was the solicitation conducted in such proximity to the bartender as that it could be said that he knew what was said or that he was put on notice of what the solicitor was doing.

It is the claim of the appellee that upon the circumstantial evidence in the record the finding of the Board is supported. There is a well recognized principle that circumstantial evidence sufficient to establish guilt must in all of its elements be inconsistent with every other reasonable hypothesis than guilt. So the circumstances here must have been such as to have been inconsistent with any other theory than the knowledge of the permittee of the acts complained of.

The permittee for eleven years had conducted her business under permits of the Department and it is asserted, and the record does not dispute it, that no charge of any violation of law or rule of the Board had been made against her.

The acts complained of in the charge occurred within a period of not more than thirty minutes on the afternoon of August 21. 1954. It developed that Officer Bona, an investigator for the Department, called at the permit premises at about 3:30 P. M. He did not testify that he was solicited, but another officer said that Bona reported that he had been solicited. This, of course, was hearsay but probative to a degree. During this solicitation of Bona upon the evidence as developed. there is no suggestion that the permittee or the bartender had any notice or knowledge of the solicitation. As a result of this first call another officer, Inspector  Bierut of the Department, went into the permit premises, bought a drink, and Debbie Miller, the girl involved later, came up to him and it is testified made solicitation that they engage in sexual relations for a fee. There is a statement that she accosted two other

men along the bar, but what was said does not appear. It will be noted that the charge here is allowance of the soliciting by a prostitute. We have deailed substantially all of the proof of the substantive charge and what followed is only helpful as it may provide circumstantial evidence of knowledge, express or implied, by the permittee.

The woman involved was unkown to the permittee prior to the Saturday before the occurrence of the acts of which complaint is made. She came to the permit premises on Saturday, went to work on Tuesday and the acts occurred on the Saturday following. So that at this time she had been employed but five days. There is no evidence from which it can be inferred that Debbie Miller was performing any duties incident to her employment on the occasion of the acts of which complaint is made.

As a result of the arrangement whereby the officer went back into the permit premises, solicitation was had and Officer Bierut went outside the permit premises through a cellar door and into a basement and there in the room which was partitioned off by blankets, the preparation for sexual intercourse occurred. The officers came in, apprehended the woman, recovered money that had been marked and paid to her and found a number of articles which could have been used as incidents to the sexual relations. With the exception of contraceptives which could have been placed there at any time, all of the articles could have been employed in the basement for other purposes. This building wherein the business of permittee was conducted was of considerable size. On the second floor a number of rooms were occupied as an apartment, some of the employees of permittee also lived there. The basement was used for various purposes and in all probability the room in which the preparation for sexual intercourse took place had been partitioned off long before the arrival of Debbie Miller. Debbie Miller's room was not in the basement.

The permittee testifies that she had not been in the basement for weeks, that she had been in the hospital, that she had partitioned the room for the use of two boys, that on the day of the occurrences complained of she had not been in or about the premises until about the time that the first officer came.

The state of the proof is not such as to rule out every reasonable hypothesis of the innocence of the permittee of the charge against her. The evidence of the specific charge is neither of such substance, nor of sufficient probative value to meet the statutory requirements of proof essential to a finding of violation of the charge, and the Common Pleas Court erred in affirming the order of the Board.

The judgment will be reversed.

MILLER, PJ, concurs.
WISEMAN, J, not participating.