**LONGONA, d. b. a. DRY DOCK CAFE, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 5854. Decided February 18, 1958.

Hyman S. Topper, Toledo, for appellant.

William Saxbe, Atty. Genl., Chester Hummell, Paul W. Dixon, Asst. Attys. Genl., Columbus, for appellee.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control revoking the appellant's Classes C-2, D-1, D-2 and D-3 liquor permits. The charge upon which the Board acted reads as follows:

"On or about March 25, 1956, you and/or your agent or employee did knowingly and willfully allow in and upon the permit premises improper conduct, to-wit: improper handling and discharging of fire arms resulting in homicide—in violation of the provisions of the Liquor Control Act and the regulations of the Board of Liquor Control."

The record reveals that the permit holder, appellant, entered a plea of not guilty to the charge and the case was submitted to the Board upon an agreed stipulation of facts. From these facts it appears that Arvella Longona was the husband of the owner of the permit premises and was working on the same as a bartender when an argument arose between one Charles Pfitzer and Reba Lemons, who were common law husband and wife, and bartender Longona; then a fist fight ensued between Pfitzer and Longona. Mrs. Lemons also took part in the fight and hit Longona over the head with a metal shuffleboard puck and

began throwing glasses and ashtrays at Longona, who then went behind the bar and got a gun. He stated he pointed the gun at Mrs. Lemons but did not intend to shoot her. However, it was discharged into the body of Mrs. Lemons from which her death ensued.

It further appears that Longona was indicted, convicted and sentenced for manslaughter and placed on probation by the trial court.

The charge was brought under §4301.25 **R. C.**, and Regulation 52 of the Board of Liquor Control, the pertinent parts of which read respectively as follows:

"The board of liquor control may suspend or revoke any permit issued pursuant to **Chapters 4301.** and **4303. R. C.,** for the violation of any of the applicable restrictions of such chapters or of any lawful rule or regulation of the board or other sufficient cause, and for the following causes:

&ast; &ast; &ast; &ast; &ast;

"No permit holder shall knowingly or willfully allow in, and upon or about his licensed premises improper conduct or (of) any kind, type or character; any improper disturbances (;) lewd, immoral activities or brawls; * * *."

It will be noted that the permit holder, her agent or employee was charged with knowingly and willfully allowing upon the permit premises "improper conduct, to-wit, improper handling and discharging of firearms," etc. Since the charge is limited to the handling of the gun, the question presented is whether Longona was acting within the scope of his employment when the shooting occurred. Certainly it may not be argued that Longona was acting upon the apparent scope of his employment since such an act has no relation to the conduct of a retail liquor business.

It also appears from the stipulation that Mrs. Lemons had previously worked for Longona and the argument arose out of this employment. It was entirely foreign to the business in which the permittee was engaged. We are, therefore, of the opinion that, inasmuch as the act of Longona was not within the scope of his employment, before the charge may be established the evidence must reveal that the permittee personally knew of and permitted Longona's unlawful act. The burden was upon the Department to offer some proof from which such an inference could be drawn. Such proof was entirely lacking, but on the contrary the evidence failed to disclose that the permittee was even on the premises at the time of the altercation.

In **Kosick v. Board of Liquor Control, 74 Abs 237,** this court held that in order to substantiate a charge that a liquor permit holder knowingly and willfully allowed in and upon the permit premises improper and immoral activity, it must be shown that the permittee or her agent willfully and knowingly allowed such acts. In the case at bar the evidence fails to show that the permittee willfully and knowingly allowed the discharging of the gun. Contra, it does show that Longona was acting beyond the scope of his employment at the time and his unlawful act may not be imputed to his employer.

We are therefore of the opinion that the trial court erred in its

determination that the order of the Board of Liquor Control was supported by the proper degree of proof and in accordance with law.

The judgment will be reversed.

PETREE, PJ, HORNBECK, J, concur.

**LONGONA, d. b. a. DRY DOCK CAFE, Appellant, v. BOARD OF LIQUOR CONTROL, Appellee.**

No. 5854.   Decided March 18, 1958.

Hyman S. Topper, Toledo, for appellant.

William Saxbe, Atty. Genl., Chester Hummell, John W. Leibold, Asst. Attys. Genl., Columbus, for appellee..

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By MILLER, J.

This is a motion requesting the court to reconsider its opinion rendered herein on February 18, 1958.   In this opinion we held that Arvella Longona, the bartender for the owner of the permit premises, was not acting within the scope of his employment when the firearm was discharged.   The record reveals that the argument and fight arose out of a matter which was foreign to the operation of the permit holder's place of business and the result thereof was the firing of the gun.   We find a similar factual situation in the case of **Vrabel v. Acri, 156 Oh St 467,** wherein the bartender committed a wrongful and malicious act upon one of the patrons.   The question then arose as to whether or not he had acted within the scope of his employment.   The court said at page 473:

"* * * The wilful and malicious attack by Michael Acri upon the plaintiff in the Acri Cafe can not reasonably be said to have come within the scope of the business of operating the cafe, so as to have rendered the absent defendant, assuming her joint proprietorship of the cafe, accountable.

"Since the liability of one partner or of one engaged in a joint enterprise for the acts of his associates is founded upon the principles

of agency, the statement is in point that an intentional and wilful attack committed by an agent or employee, to vent his own spleen or malevolence against the injured person, is a clear departure from his employment and his principal or employer is not responsible therefor. See the celebrated case of **Little Miami Rd. Co. v. Wetmore, 19 Oh St 110, 2 Am. Rep., 373,** and compare **Nelson Business College Co. v. Lloyd, 60 Oh St 448, 54 N. E., 471, 46 L. R. A., 314, 71 Am. St. Rep., 729.**"

The cases of **Wittenberg v. Board of Liquor Control, 52 Abs 65, Rio Bar, Inc. v. State, 69 Abs 206,** and **Mozingo v. Board of Liquor Control, 69 Abs 597,** which have been cited by counsel for the Board of Liquor Control are all distinguishable from our case upon the facts and do not appear to us to be controlling.

We adhere to our former opinion and the motion will be overruled.

PETREE, PJ, HORNBECK, J, concur.