Opinion *Per Curiam.*

THE STATE, EX REL. THOMAS, *v.* THE TUSCARAWAS
COUNTY LIQUOR LICENSING BOARD ET AL.

*Liquor   licenses — Renewals — Failure   to   appeal   from   order —
    Granting   application   but   suspending   certificate — Pending
    change of location — Appeal from refusal to reconsider action
    — County board sustained by state board — Mandamus — Sec-
    tions 1261-46, 1261-53 and 1261-54, General Code (103 O. L.,
    229, 233).*

(No. 15262 — Decided July 1, 1916.)

IN MANDAMUS.

*Messrs. Shauck & Weinland* and *Messrs. Wilkin
& Fernsell,* for relator.

*Mr. Edward C. Turner,* attorney general; *Mr.
A. O. Dickey* and *Mr. E. E. Lindsay,* prosecuting
attorney, for defendants.

BY THE COURT.   This is a proceeding in man-
damus submitted to the court upon the pleadings
and an agreed statement of facts..   The relator,
Fred G. Thomas, was engaged in the saloon busi-
ness at 530 West Front street in the city of New
Philadelphia for more than two years prior to the
14th day of September, 1915, pursuant to a license
theretofore duly granted and renewed by the Tus-
carawas County Liquor Licensing Board, and con-
tinued in said business until the fourth Monday of
November, 1915.   On the 14th day of September,
1915, he filed with the Tuscarawas County Liquor
Licensing Board an application for renewal of his
saloon license for the year beginning the fourth
Monday of November, 1915, the business, accord-

ing to his application, to be carried on at the same location, 530 West Front street, New Philadelphia. On October 25, 1915, the county board announced a list of applicants successful in obtaining license certificates for the license year of 1915-1916. The name of relator did not appear in this list nor did it appear in an additional list announced on October 28, 1915. On November 2, 1915, there was a hearing before the county board on the application of relator, at which hearing he was present. According to the minutes of the board his application for a saloon license was granted, and he was then notified that his application would be granted but that the license certificate would be suspended until such time as he would move his saloon from its present location to a location within the business district of New Philadelphia. On November 22, 1915, a notification to the same effect was sent relator. On December 10, 1915, he with his attorney appeared before the county board and requested a hearing upon the suspension of his license certificate. On February 11, 1916, he filed an application with the board to reconsider the question of issuing him a saloon license to carry on business at the former location, 530 West Front street, New Philadelphia. Upon the hearing of this application the county board determined that it would not entertain the application and ordered the same dismissed. Thereupon, at the request of relator, a certified copy of the renewal application, dated September 14, 1915, a copy of all minutes of the proceedings in his case and a copy of his application for a reconsideration were transmitted to

the state liquor licensing board. On February 25, 1916, a hearing was had before the state board in the matter of the appeal of the relator, who was represented by counsel, and the state board took the matter under consideration, and on March 21, 1916, the decision of the state board sustaining the action of the county board was received by the latter. The relator in his petition asks that a writ of mandamus issue commanding the defendants to issue to him a certificate of renewal of license in accordance with his application filed September 14, 1915.

The relator in his application applied to the county liquor licensing board for a renewal of a saloon license and represented that the premises where the business of selling intoxicating liquors was to be carried on was 530 West Front street, New Philadelphia. When the county board on November 2, 1915, granted the application of relator, but suspended his license certificate until he moved his saloon from 530 West Front street to a location within the business district of New Philadelphia, that in effect was a rejection of his application for a renewal license at his then location. Section 31 of the license law (Section 1261-46, General Code; 103 O. L., 229) provides that all decisions as to the rejection of applicants who shall have applied prior to the beginning of the license year shall be final on the fourth Monday in November following, at which time the licenses allowed shall be issued. Section 38 (Section 1261-53, General Code) provides that an appeal may be taken to the state board from all final decisions of

the county board, with certain exceptions which are unimportant here. The provisions of Section 39 require the county board, within five days after personal notice of its final action to the applicant, to cause to be prepared a complete and true record of the proceedings, providing the applicant shall have requested the same within one day after the receipt of such notice. In the case under consideration the applicant, on November 22, 1915, being the fourth Monday in November, when the decision as to the rejection of the application became final, was notified of the final action of the board. He did not comply with the requirements of Section 39 and did not exercise his right to a plain and adequate remedy at law by way of appeal to the state board from the final decision of the county board. He cannot now resort to a proceeding in mandamus. After having failed to follow the requirements of the statute relating to an appeal, he made application to the county board for a rehearing of his case. We find nothing in the liquor license law authorizing the county board to entertain an application for a rehearing after its decision has become final. But assuming for the purposes of this case that such a proceeding is proper, when the application of the relator to reconsider the matter was denied by the county board, and the same was dismissed, and he then submitted his case to the state board on appeal, he was bound by its order. *State, ex rel. Krauss,* v. *Lucas County Liquor Licensing Board,* 93 Ohio St., 373.

Opinion *Per Curiam.*

Counsel for the relator question the right of the county liquor licensing board to refuse a license certificate upon the sole ground that the saloon is located in a residence district wherein the sale of intoxicating liquors has not been prohibited by law or by any petition, vote or other proceeding of the electors. But in view of our holding that the relator failed to avail himself of the remedy prescribed by law, it becomes unnecessary to pass upon this question.

*Writ denied.*

NICHOLS, C. J., JOHNSON, DONAHUE, NEWMAN, JONES and MATTHIAS, JJ., concur. WANAMAKER, J., not participating.