LEWIS BORNSTEIN, APPELLANT

FROM

DECREE OF COMMISSIONER OF AGRICULTURE.

Androscoggin.     Opinion January 26, 1928.

*The license to manufacture or bottle for sale at wholesale any drink product or other non-alcoholic beverage, provided under Chap. 155, P. L. 1925, is in no sense a contract or property, and a revocation of it does not deprive the licensee of any property, immunity or privilege.*

On exceptions. A proceeding alleging a violation of Chap. 155, P. L. 1925, in selling a misbranded drink product. On April 11, 1927, a hearing was had before the Commissioner of Agriculture who found on the evidence that the provisions of the statute had been violated and revoked the license of appellant who appealed to the Supreme Judicial Court in Androscoggin County, where a hearing was had before the presiding Justice who dismissed the appeal and affirmed the decree of the Commissioner of Agriculture, and appellant excepted. Exceptions overruled.

The case appears in the opinion.

*Peter A. Isaacson*, for appellant.

*Raymond Fellows, Attorney General*, and *Sanford L. Fogg, Deputy Attorney General*, for appellee.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, STURGIS, PATTANGALL, JJ.

STURGIS, J.. Chap. 155, P. L. 1925, requires that any person, firm or corporation manufacturing or bottling for sale at wholesale any drink product or other non-alcoholic beverage within this State shall be licensed by the Commissioner of Agriculture.   In Sec. 2 of the Act the Commissioner is given the power to revoke or suspend any license whenever it is determined by the officers there designated that any provisions of the Act have been violated.   In Sec. 3 the right of appeal from the decision of the Commissioner to the Supreme Court or Superior Court of the County where the licensee resides is provided.

In the same Act in Sec. 5 appears the provision:   "Whenever artificial colors or flavors are used in the manufacture of drink products or other non-alcoholic beverages, the bottle or other container shall be distinctly labeled or crowned 'Artificially colored and flavored.' "

The appellant (an individual doing business under the trade name of Maine Bottling Company) was licensed under the Act to manufacture and bottle drink products or other non-alcoholic beverages. On April 11, 1927, during the term of his license, after notice and hearing, the Commissioner revoked the license on the ground that the appellant had bottled a beverage known as "Whistle", containing artificial color, in bottles or containers not labeled or crowned "Artificially colored and flavored."

Upon appeal to the Supreme Court sitting in the County where the appellant resides, the presiding Justice there found that the beverage "Whistle" contained artificial color and the bottles or containers used were not labeled or crowned as required by the Act. The Commissioner's decision revoking the license was affirmed.

The case is before this Court on exceptions to the rulings of the single Justice.   The error urged below and here argued on the brief

is a violation of the appellant's constitutional guarantees. He says that he is deprived of a property right without due process of law.

The constitutional questions argued are not open to the appellant in this proceeding. The single issue here is revocation of the license granted by the Commissioner. In accepting the license and acting under it, the appellant consented to all conditions imposed thereby. He took it subject to such conditions as the Legislature had seen fit to impose. Such license is in no sense a contract or property, immunity or privilege. *State* v. *Cote*, 122 Maine, 450; *Burgess* v. *Brockton*, 235 Mass., 95; *Com.* v. *Kinsley*, 133 Mass., 578; 17 R. C. L., 554. The requirements of the Act as to labeling or crowning bottles and containers must be read into the license as a condition to which the appellant consented. *State* v. *Cote*, supra. If the validity of the Act in its branding requirements is to be tested, it must be in another and different proceeding.

*Exceptions overruled.*