Williams, J.
 

 It is the contention of relator that the provisions of the Liquor Control Act, Section 6064-1
 
 et seq.,
 
 General Code, in so far as they relate to the revocation of permits are unconstitutional and contravene Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment of the federal Constitution, in two respects: First, that the right to sell intpxicating liquors in Ohio is a franchise and therefore a property right and that relator is deprived of that right without due process of law by the revocation of the permits; and, second, that no recourse to the courts by appeal or error is provided and lack of provision for a review amounts to a denial of due process of law.
 

 A license is a permission granted by some competent authority to do some act which, without such permission, would be illegal.
 
 State
 
 v.
 
 Hipp,
 
 38 Ohio St., 199. The Liquor Control Act provides for the granting of permits, but an examination of the statutes in various states and of reported cases construing such statutory enactments reveals that the terms “license” and “permit” are in general used interchangeably.
 

 The right of property is always subject to the valid
 
 *26
 
 exercise of the police power. It subsists in the state As an attribute of sovereignty without any constitutional provision conferring it; in fact, it is essential to the existence of government and is asserted to protect the well-being of society and maintain the security of the social order. It is invoked by the courts to sustain legislative enactments which are passed to provide for the public health, morals, safety or welfare and which do not contravene any constitutional provision. The objective of the exercise of the police power is the promotion of the public good.
 

 Prior to the constitutional prohibition of the liquor traffic the Legislature of this state had power to limit and restrict by regulation the manufacture and sale of intoxicating liquor, in the exercise of the police power.
 
 Bloomfield
 
 v. State, 86 Ohio St., 253, 99 N. E., 309, 41 L. R. A. (N. S.), 726, Ann. Cas., 1913D, 629.
 

 Since the repeal of constitutional prohibition in the state and nation the same legislative power exists and by its exercise the Liquor Control Act was passed. Under its statutory provisions, natural and artificial persons may engage in the liquor traffic only to the extent to which they are permitted to do so.
 

 Section 6064-20, General Code, which is a part of the act referred to, contains the following: “Each class and kind of permit issued under authority of this act shall authorize the person therein named to carry on the business therein specified at the place or in the boat, vessel or classes of dining car equipment therein described, for a period of one year commencing on the day after the date of its issuance, and no longer, subject to suspension, revocation or cancellation as authorized or required by this act
 
 *
 
 #
 

 The permits of relator were by the terms of the statute issued expressly subject to termination in the way provided. She had therefore mere' revocable licenses and no more. Such a permit is not a property right in the .constitutional sense and, if it may be con
 
 *27
 
 sidered in the nature of property at all, it is limited in its scope by the same legislative act which gives it existence, and the reservation of the power of termination enters into and becomes a part of the grant of permission to carry on the specified business. It fol- . lows that if the permit is terminated in a lawful manner under the provisions of the act creating it, the licensee cannot complain as his license to operate was issued to him subject to that contingency. The holdings are uniformly to the effect that such a license does not create a property right within the constitutional meaning of that term, nor even a contract, and that it constitutes a mere permission to engage in the liquor business, which may be revoked in the prescribed legislative manner.
 
 La Croix
 
 v.
 
 County Commissioners,
 
 49 Conn., 591, 50 Conn., 321;
 
 Sprayberry
 
 v.
 
 City of Atlanta, 87
 
 Ga., 120, 13 S. E., 197;
 
 Martin
 
 v.
 
 State,
 
 23 Neb., 371, 36 N. W., 554;
 
 Metropolitan Board of Excise
 
 v.
 
 Barrie,
 
 34 N. Y., 657;
 
 Gubin
 
 v.
 
 City of New York,
 
 150 Misc., 182, 269 N. Y. S., 46;
 
 People, ex rel. Reuther,
 
 v.
 
 Sisson,
 
 101 Misc., 429, 167 N. Y. S., 134. Practically the same rule has been applied to fishing licenses:
 
 State
 
 v.
 
 Pulsifer,
 
 129 Me., 563, 152 A., 711;
 
 State
 
 v.
 
 Cote,
 
 122 Me., 450, 120 A., 538; to boxing licenses:
 
 State, ex rel. Orleans Athletic Club,
 
 v.
 
 Louisiana State Boxing Commission,
 
 163 La., 418, 112 So., 31; to soft drink licenses:
 
 Appeal of Bornstein,
 
 126 Me., 532, 140 A., 194; to milk licenses:
 
 People, ex rel. Lodes,
 
 v.
 
 Dept. of Health,
 
 189 N. Y., 187, 82 N. E., 187; to hack or carrier licenses:
 
 Sylvania Busses, Inc.,
 
 v.
 
 City of Toledo,
 
 118 Ohio St., 187, 160 N. E., 674;
 
 Burges
 
 v.
 
 Mayor and Aldermen of Brockton,
 
 235 Mass., 95, 126 N. E., 456;
 
 Child
 
 v.
 
 Bemus,
 
 17 R. I., 230, 21 A., 539; to pool table licenses:
 
 Commonwealth
 
 v.
 
 Kinsley,
 
 133 Mass., 578; and to teachers licenses:
 
 Stone, Supt.,
 
 v.
 
 Fritts,
 
 169 Ind., 361, 82 N. E., 792, 15 L. R. A. (N. S.), 1147. As appears in these cases, the rule in many states is that such revocation
 
 *28
 
 may take place without notice or hearing, unless, of course, the statute provides otherwise.
 

 In the case of
 
 Jewell
 
 v.
 
 McCann,
 
 95 Ohio St., 191, 116 N. E., 42, it was held that a law which provided for the revocation of a physician’s certificate but made no provision for requiring the attendance of witnesses nor for other procedure to protect and safeguard the rights of such a certificate holder, was invalid in that it denied due process of law. -The Liquor Control Act (Section 6064-3, General Code) provides for compulsory attendance of witnesses and accords full procedural safeguards and protection in any hearing or investigation. Thus the requirements specified in
 
 Jewell
 
 v.
 
 McCann, supra,
 
 have been met; and certainly a liquor license stands on no higher basis than a certificate of admission to the practice of a profession.
 

 The fact that the permittee paid the required fees does not alter the position in which she finds herself, and the nature of the licenses was not changed by such payment. The claim that the money paid is property, if well founded, can only bear on the right to have a portion of the fee refunded after revocation and with that question we are not concerned in this case.
 

 It is further contended that the revocation of a permit by the Department of Liquor Control involved the exercise of judicial power, and that as the statutes provide no recourse to the courts the relator has been denied due process of law.
 

 Where the authority to hear and determine controversies which do not involve the exercise of judicial power is conferred by the Legislature upon the executive or administrative branch of state government, with finality of determination, there is no denial of due process of law under the state or federal Constitution; so if the power to be exercised is purely executive or administrative, no recourse to the courts by appeal or error need be provided to assure the constitutional validity of the empowering act.
 
 Stanton, Pros. Atty.,
 
 
 *29
 
 v.
 
 State Tax Commission,
 
 114 Ohio St., 658, 151 N. E., 760;
 
 Reetz v. Michigan,
 
 188 U. S., 505, 23 S. Ct., 390, 47 L. Ed., 563; 17 Ruling Case Law, 556, Section 69.
 

 In the case of
 
 State, ex rel. Mayers,
 
 v.
 
 Cray,
 
 114 Ohio St., 270, 151 N. E., 125, it was held that the state board of optometry in revoking a license for grossly unprofessional conduct is performing an executive and not a judicial function. The following appears in the opinion at pages 274 and 275: “However, the state board of optometry is an executive body, and is exercising an administrative power in revocation of the license. The mere fact that under the statute its decision as to revocation must be made after hearing does not render its function in revoking the license judicial. The hearing and determination are an incident to the executive power of revoking the license specifically conferred by the statute.
 
 State, ex rel. Smith,
 
 v.
 
 Barnell, Director of Public Service,
 
 109 Ohio
 
 St,
 
 246, 142
 
 N.
 
 E., 611.”
 

 Neither the granting nor the revoking of a license by a state board under authority conferred by the Legislature is an exercise of judicial power.
 
 Stone, Supt.,
 
 v.
 
 Fritts, supra; La Croix
 
 v.
 
 County Commissioners, supra; People, ex rel. Reuther,
 
 v.
 
 Sisson, supra; People, ex rel. Lodes,
 
 v.
 
 Dept. of Health, supra; Cofman
 
 v.
 
 Ousterhous,
 
 40 N. D., 390, 168 N. W., 826.
 

 Under a former liquor law in this state it was held that where the relator submitted his case to the state board on appeal, he was bound by its order.
 
 State, ex rel. Krauss,
 
 v.
 
 Lucas County Liquor Licensing Board,
 
 93 Ohio
 
 St,
 
 373, 378, 113 N. E., 265;
 
 State, ex rel. Thomas,
 
 v.
 
 Tuscarawas County Liquor Licensing Board,
 
 94 Ohio St., 373, 376,114 N. E., 265.
 

 The relator alleged in his petition that there was an abuse of discretion but has abandoned that claim in this court.
 

 As there was no impairment of the constitutional
 
 *30
 
 rights of the relator, her motion for judgment on the pleadings will be overruled and the writ denied.
 

 Writ denied.
 

 Weygandt, C. J., Stephenson, Jones, Matthias, Day and Zimmerman, JJ., concur.