## PAPATHEODORO v. STATE DEPT. OF LIQUOR CONTROL.

Common Pleas Court, Franklin County.

No. 188923. Decided March 23, 1954.

Philip Schwimmer, Cleveland, for appellants.

C. William O'Neill, Atty Genl., Kiehner Johnson, Asst. Atty. Genl., Columbus, for appellee.

## OPINION

By CLIFFORD, J.

This is an appeal from an order of the Board of Liquor Control rejecting an application for the transfer of liquor permits from Emanuel Papatheodoro to Emanuel Papatheodoro and Star Mitchell. The rejection order of the Board is based upon §4303.29 R. C., §6064-17 GC, which among other things provides, that "* * * no person heretofore convicted of any felony, shall receive or be permitted to retain any permit under the liquor control act * * *." There is no dispute between the parties that the appellant was convicted of carrying concealed weapons in the State of Ohio in 1931 and of robbery in the State of Illinois in 1922.

The appellants base their appeal upon the ground that the section of the Revised Code is unconstitutional. Several specific arguments of unconstitutionality are made, involving both the state and federal constitutions. The court will consider first the statement that §4303.29 R. C., §6064-17 GC, is not constitutional because it is an unlawful abridgment of appellant Mitchell's right to acquire and possess **property** under **Art. I, Sec. 1, of the Ohio Constitution.**

**Art. I, Sec. 1:**

"All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety."

The Court does not agree that a liquor license can be defined to be **property** within the scope of this section of the Ohio Constitution. The word "property" refers to those tangible or intangible things which are the subject of rights. A person's property is said to consist of land, buildings, furniture, automobiles, stocks, bonds and the like. In law, the word "property" usually means not the thing itself, but the rights and privileges which are inherent in the property.

As we know, the concept of property referred to in the preceding paragraph carries with it the idea of some permanence and transferability of title in a person and his heirs. Transfer of the title to property may occur through sale, legal proceedings, and death. The title holder or owner has a degree of control over the property which we sometimes call ownership. But this control which the law gives to an owner of property, is not given to the holder of a license. **Art. I, Sec. 1,** of our **Ohio Constitution** does not protect licensees. The holder of a license does not possess property. 30 Am. Jur. 296. Licenses are commonly described as personal, revocable and unassignable privileges. 33 Am. Jur. 398.

The indicia by which we customarily identify property are not present when we examine a liquor license and Ohio courts have many times so held. **Syllabus 5, Abraham v. Fioramonte, 158 Oh St 213, 107 N. E. 2d 321, 322, 33 A. L. R. 2d 1267,** states specifically "Permits issued by the Department of Liquor Control of Ohio pursuant to the statutes of Ohio, commonly referred to as the Liquor Control Act, are personal licenses and are not property which can be mortgaged or seized under execution or court order for the satisfaction of debt." At **page 225,** of **158 Oh St.,** at page 327 of 107 N. E. 2d, the Supreme Court squarely raises the point "whether in Ohio a permit to sell intoxicating liquors is merely a personal license or is property in the usual concept of that term." The Supreme Court referred specifically to §6064-17 **GC,** the statute at issue in the case at bar, and held a liquor permit to be a license. See **State ex rel. Zugravu v. O'Brien, 130 Oh St 23, 196 N. E. 664,** and cases cited therein. At **page 27** of **130 Oh St,** at page 666 of 196 N. E., the Court in construing §6064-17 **GC,** said

**"A license does not create a property right within the constitutional meaning of that term,** nor even a contract, and that it constitutes a mere permission to engage in the liquor business." (Emphasis ours.)

See 148 A. L. R. 495 that a liquor license is not subject to execution or attachment and 144 A. L. R. 1014, that "a license to sell intoxicating liquor is generally not recognized as a property right in the ordinary sense of the word." See 30

Am. Jur. 326, and 15 R. C. L. 285, for further authority that a liquor license is "not property in any legal or constitutional sense." Since it is clear that a liquor license is not property because it has none of the indicia of property, a refusal to grant a license to a person does not deprive that person of his constitutional right to acquire and possess property.

Appellants also say that §4303.29 R. C., §6064-17 GC, is an unwarranted abridgment of appellant Mitchell's rights under the Fourteenth Amendment to the Constitution of the United States in that it denies to him the equal protection of the laws.

At 15 R. C. L. 291, we find the solution to this problem, where it is said "The validity of the exercise by a state of its police power in regulating the sale of spirituous liquors does not in the least degree depend on any question as to the presence or absence of discrimination for or against particular persons or classes of persons. The legislature may lawfully grant the right to sell to a certain class or classes of persons, and withhold it from all others, and no citizen of the United States can complain because state police regulations deny him the privilege of selling liquors, even where the privilege is accorded other citizens. So long as a license law affects all persons in the state engaged in the sale of liquors in exactly the same manner, it is not objectionable under the federal constitution as arbitrarily taking property, or denying the equal protection of the laws. Supporting this view are the articles and citations at 6 R. C. L. 285 and 30 Am. Jur. 301, 302.

Appellants, in their brief, recognize that the Supreme Court has held that the legislature in the exercise of the police power, may prevent an alien from holding a liquor license. Although we have found no case specifically deciding that a felon is forever prohibited from holding a liquor license, we do not doubt the applicability of **Bloomfield v. State, 86 Oh St. 253, 264, 99 N. E. 309, 41 L. R. A., N. S., 726**, to the case at bar. We hold that the Bloomfield case governs the case at bar. There can be no doubt that the legislature has the **power** to prevent a person convicted of a felony from forever holding a liquor license. Whether the exercise of this power results in moral injustice to individuals is not an issue with which this court may lawfully concern itself.

The claim is further made in behalf of appellants that §4303.29 R. C., §6064-17 GC, inflicts a cruel and unusual punishment upon Mitchell in violation of **Art. I, Sec. 9, of the Ohio Constitution**.

The provisions of the Liquor Control Act were not enacted to punish criminals, but for the protection and welfare of

society. They are police regulations designed to promote the general welfare and protect the public morals. They were enacted in the interest of public health and safety and their object is not to punish, although the law may have that effect in isolated cases when enforced. It is essential to distinguish the nature of the statute in question from the nature of our criminal statutes which are punitive in their nature. The legislative will of the people of Ohio has been expressed in the Liquor Control Act. If the object and purpose of this section of the Liquor Act were to punish, rather than to control a traffic intricately entwined with the public morals, a different question would be presented. Here there is a fair, just and reasonable connection between the statute in question and the common good of society. This statute does not inflict cruel or unusual punishment upon appellants, nor can it be properly said to be arbitrary.

It is asserted that the operation of §4303.29 R. C., §6064-17 GC, changes the punishment and inflicts a greater punishment than the law annexed to the crime when committed and thereby violates **Art. II, Sec. 28**, prohibiting the legislature from passing retroactive laws. The Court respectfully reiterates that the Liquor Control Act, although it contains penalties, is an expression of the police power and is not a punitive statute. It is to be observed that this statute may be said to work a hardship on only those convicted of a felony prior to the enactment of this act, **and who later desire a liquor permit.** If a substantial number of persons in this class should desire permits, the wisdom of the legislature is apparent. If only a small number desire permits, the incidental hardship falling upon this small number within the class does not constitute an infringement of constitutional rights so long as all members of the class are treated alike.

Appellants earnestly urge upon the court that the Department or Board of Liquor Control should have the same discretionary power to grant liquor permits to persons convicted of a felony **before** the enactment of the Liquor Control Act as the Department and Board now have with respect to **permit holders** convicted of a felony. However, a reading of §4303.29 R. C., §6064-17 GC, and §4301.25 R. C., §6064-25 GC, quickly reveals the difference between these two sections. **Sec. 4303.29 R. C.** is mandatory, whereas §4301.25 R. C. vests a discretion in the Department and Board. The respectively mandatory and discretionary nature of these two statutes is described in the opinions rendered in 1936 Op. Atty. Gen. No. 5839, and 1949 Op. Atty. Gen. page 512. The only exception to the all inclusive mandate of the legislature preventing felons **heretofore convicted** from holding licenses

expressed in §4303.29 R. C., §6064-17 GC, is the exception expressed in 1949 Op. Atty. Gen. page 512, where the convicted person had received a **pardon**. This Court has been able to discover no authority where a similar exception has been made in the case of a prisoner who has served the maximum term of his sentence, or a parolee who has been granted his final release by the Ohio Pardon and Parole Commission.

Appellants maintain that §2965.17 R. C., §2209-16 GC, which reads in part:

"* * * a prisoner who has served the maximum term of his sentence or has been granted his final release by the commission, shall be restored to the rights and privileges forfeited by his conviction * * *,"

totally erases the effect of §4303.29 R. C., §6064-17 GC, with respect to appellant Mitchell. But this contention is not the law, and it cannot be maintained that §2965.17 R. C. completely obliterates the effect of a conviction. If this were true, this section would have the same effect upon persons within its scope as an executive pardon, and such was manifestly not the intention of the legislature. The basic differences between executive pardon, and parole, are so well established in our law that no further discussion on this point is needed.

Examples of the power of the legislature to proscribe the activity of convicted persons after they have served the penalties set forth in the criminal statutes, are many. The legislature is empowered by **Art. 5, Sec. 4, of the Ohio Constitution** to exclude from the privilege of voting any person convicted of bribery, perjury or other infamous crime. **Art. II, Sec. 5,** provides that no person convicted of an embezzlement of the public funds shall hold any office in this state This power must be regarded as a mere disqualification imposed for protection, as a withholding of a privilege, and not a denial of a personal right. 18 Am. Jur. 230, **15 O. Jur 340.**

Appellant Mitchell had no **right** to a liquor license when he was convicted. He was not in fact holding such a license when convicted, since he was convicted during the so-called prohibition. The right to hold a liquor license cannot be restored to Mitchell, or anyone else by virtue of §2965.17 R. C., because this right is not one of the rights and privileges forfeited by his conviction. A license is in the nature of a special privilege, and not a right common to all. 33 Am. Jur. 398.

Counsel for appellant correctly states the law when he says that if §4303.29 R. C., pertaining to persons convicted of a felony were deleted from the law, there would still be discretionary powers invested in the Director and Board to deny

562

such person a permit under circumstances that would warrant a denial. But the proper body to make that deletion is our State Legislature, not this Court.

The Court finds that the order of the Board of Liquor Control is supported by reliable, probative and substantial evidence. The Court further finds that the order of the Board is in accordance with law. The order of the Board is affirmed.