OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES, APPELLANT, *v.* CLEVELAND CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE; STATE EMPLOYMENT RELATIONS BOARD.

(No. 87AP-102—Decided
July 28, 1987.)

*Lucas, Prendergast, Albright, Gibson & Newman* and *Rankin M. Gibson,* for appellant.

*Duvin, Flinker & Cahn, Frank W. Buck* and *Martin T. Wymer,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, *Joseph M. Oser* and *Loren L. Braverman,* for the State Employment Relations Board.

REILLY, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas dismissing the appeal of appellant Ohio Association of Public School Employees ("appellant"), because it lacked subject matter jurisdiction.

Appellant filed an unfair labor practice charge on March 17, 1984 with the State Employment Relations Board ("SERB") asserting that the Cleveland City School District Board of Education ("school district") had violated R.C. 4117.11(A)(1), (2) and (5).

SERB conducted an investigation of the charge, pursuant to R.C. 4117.12, and found that there was no probable cause for finding a violation of the foregoing statute and dismissed the action.

Appellant appealed to the trial court which, in pertinent part, held:

"* * * [N]either O.R.C. § 4117. 13(D) nor O.R.C § 119.12 confers jurisdiction upon the Court of Common Pleas to hear an appeal from a decision of SERB to dismiss a charge of unfair labor practice based upon its administrative investigation without issuing a complaint or holding an evidentiary hearing. As this Court lacks jurisdiction over the subject matter of the within appeal, Appellee's motion to dismiss is hereby SUSTAINED. The Attorney General's motion to allow the SERB to intervene is OVERRULED as moot."

Appellant asserts the following assignments of error:

"I. The court of common pleas erred in dismissing this appeal on the ground that the court lacks jurisdiction to review a refusal by [the] State Employment Relations Board to issue a complaint.

"II. The SERB order dismissing appellant's unfair labor practice charge is not supported by reliable, probative and substantial evidence and [is] not in accordance with law."

SERB also advances an assignment of error:

"The lower court erred by overruling SERB's Motion to Intervene."

Appellant contends that the court of common pleas has jurisdiction to hear an appeal from SERB's order dismissing its unfair labor practice

charge for lack of probable cause because SERB is subject to R.C. Chapter 119 pursuant to R.C. 4117.02(M), which provides the following:

"*Except as otherwise specifically provided in this section, the board is subject to Chapter 119. of the Revised Code,* including the procedure for submission of proposed rules to the general assembly for legislative review under division (H) of section 119.03 of the Revised Code." (Emphasis added.)

Appellant cites specifically R.C. 119.12, which states, in relevant part:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county * * *."

Appellant, however, does not have a remedy under R.C. 119.12. That section applies to appeals in which the administrative proceedings are quasi-judicial. The Supreme Court in *State, ex rel. Bd. of Edn.,* v. *State Bd. of Edn.* (1978), 53 Ohio St. 2d 173, 176, 7 O.O. 3d 357, 358, 373 N.E. 2d 1238, 1241, recognized this basic principle, as follows:

"Before an appeal can successfully be brought to the Court of Common Pleas of Franklin County under the provisions of R.C. Chapter 119, the proceedings of the administrative agency must have been quasi-judicial in nature. Section 4(B), Article IV of the Ohio Constitution; paragraph one of the syllabus in *Fortner* v. *Thomas* (1970), 22 Ohio St. 2d 13. In employing the term 'quasi-judicial,' this court held in paragraph two of the syllabus in *M. J. Kelley Co.* v. *Cleveland* (1972), 32 Ohio St. 2d 150, that:

" 'Proceedings of administrative officers and agencies are *not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence.'* " (Emphasis added.)

SERB's decision dismissing ap-

pellant's unfair labor practice charge was not made in a quasi-judicial proceeding. Hence, R.C. Chapter 4117 does not require such a proceeding to be conducted. R.C. 4117.12 does not mandate or include procedures for notice, hearing and the opportunity for the presentation of evidence unless "the board has probable cause for believing that a violation has occurred," and a complaint is issued. There is no indication from R.C. 4117.12 that the General Assembly intended a quasi-judicial proceeding to be conducted by SERB involving each unfair labor practice charge filed.

It is noteworthy that the General Assembly based unfair labor practice proceedings before SERB upon the National Labor Relations Act ("NLRA"), Section 151 *et seq.,* Title 29, U.S. Code, which also does not provide for a formal hearing or determination of an unfair labor practice charge unless the general counsel finds there is probable cause for believing that an unfair labor practice has been or is being committed. It is recognized that the procedural format or structure involved in labor practice proceedings at the federal level is different from that required by R.C. 4117.12. The general counsel, under federal law, acting as a separate body independent of the board determines whether there is probable cause to believe that an unfair labor practice has been, or is being, committed. See National Labor Relations Act, Section 3(d), as amended, Section 153(d), Title 29, U.S. Code. The board acts as the adjudicator of the charge. By comparison, SERB determines whether there is probable cause to issue a complaint and also adjudicates matters relating thereto. Nevertheless, there is no indication from the language in R.C. Chapter 4117 that the General Assembly intended to depart from established federal law which does not require

notice, hearing, and an opportunity to present evidence prior to the issuance of a complaint by the general counsel.

R.C. 4117.12 provides that when an unfair labor practice charge has been filed, either SERB or its designated agents shall investigate the charge. R.C. 4117.12 does not require a formal hearing in which witnesses are sworn, testimony is taken and records are kept, unless the board has probable cause to believe that there has been an unfair labor practice violation. Thus, since the decision by SERB to dismiss the unfair labor practice charge was not made pursuant to a quasi-judicial proceeding and R.C. Chapter 4117 does not require such a proceeding, appellant does not have a right of appeal under R.C. 119.12.

Appellant also maintains that it has a right to appeal SERB's order to the trial court under R.C. 2505.02, which defines a final order, in pertinent part, as "* * * an order that affects a substantial right made in a special proceeding * * *." Hence, R.C. 2505.02 includes a two-part test to determine whether an order is appealable; first, whether the order appealed from affects a substantial right and, second, whether the order is made in a special proceeding.

Appellant relies upon this court's decision in *Staples* v. *Ohio Civ. Serv. Emp. Assn./American Fed. of State, Cty. & Mun. Emp., Local 11, AFL-CIO* (1986), 32 Ohio App. 3d 9, 513 N.E. 2d 821, appeal dismissed as moot (1987), 31 Ohio St. 3d 602, 31 OBR 490, 510 N.E. 2d 805, as the basis that SERB's order was made in a special proceeding. That case, however, is distinguishable. The *Staples* case involved a representation question rather than an unfair labor practice charge. The hearing in *Staples* was conducted before a SERB hearing officer on objections filed to a represen-

tation election in accordance with SERB rules. Moreover, this court in *Staples* found that the hearing was quasi-judicial, while in this case no hearing was conducted or required by statute or rule and, hence, was not quasi-judicial.

It is the statutory duty of SERB or its designated agent to investigate an unfair labor practice charge. R.C. 4117.12(B). Pursuant to this statutory requirement, Ohio Adm. Code 4117-7-02 provides, in pertinent part, that:

"(A)  *The investigation of charges shall be limited to the facts and issues raised in the charge and any facts or issues reasonably related to the charge.* If the board determines that it has probable cause for believing that an unfair labor practice has been or is being committed, it shall direct issuance of a complaint and cause the complaint to be served upon the charged party.

"(B)  *If the board determines that it does not have probable cause to believe that an unfair labor practice has been or is being committed, it shall not issue a complaint, shall dismiss the charge, and shall so notify the parties.*" (Emphasis added.)

A special proceeding, pursuant to R.C. 2505.02, involves some form of adjudicative proceeding instead of an administrative investigation conducted by SERB. The order, in this case, finding that no violation had occurred, was not an adjudicative determination.

The General Assembly could have provided for a formal hearing to be conducted whereby parties are notified, witnesses are sworn, testimony is taken, and a record is maintained concerning whether there is probable cause to issue a complaint. Notwithstanding, the General Assembly did not provide for such a proceeding unless a complaint is issued. R.C.

4117.13(D) provides for appeals only of decisions reached after the issuance of a complaint and a formal hearing on the merits.

The legislature could also have provided for a right of appeal from an order by SERB dismissing an unfair labor practice charge for lack of probable cause. It apparently chose not to include such a provision. In any event, SERB is required to act within the provisions of R.C. Chapter 4117, particularly R.C. 4117.12(B) and Ohio Adm. Code 4117-7-02. If SERB abuses its discretion or acts in violation of law in the performance of its legal duties, a party with a clear legal right has a remedy in mandamus.

Thus, for the foregoing reasons, SERB's order dismissing appellant's unfair labor practice charge was not a final appealable order within R.C. 2505.02, 4117.13(D) or 119.12.

Appellant's first assignment of error is overruled as the trial court properly sustained appellee's motion to dismiss because it did not have subject matter jurisdiction. Accordingly, this court does not reach the merits of appellant's second assignment of error, which is overruled.

SERB's motion to intervene was properly overruled as being moot by the trial court. Therefore, neither the trial court nor this court has jurisdiction over the subject matter of this appeal. Consequently, SERB's assignment of error is overruled.

This judgment of the trial court is affirmed.

*Judgment affirmed.*

YOUNG and BRYANT, JJ., concur.

BRYANT, J., concurring. I concur in the foregoing opinion on the understanding that it does not address or determine any constitutional issues presented by the facts of this appeal.