**OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES/AFSCME, AFL–CIO, Appellant,**

**v.**

**LORAIN COUNTY BOARD OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES, Appellee.**

[Cite as *Ohio Assn. of Pub. School Emp., AFSCME, AFL–CIO v. Lorain Cty. Bd. of Mental Retardation & Dev. Disabilities* (1991), 72 Ohio App.3d 74.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–821.

Decided Jan. 8, 1991.

*Lucas, Prendergast, Albright, Gibson & Newman* and *James E. Melle*, for appellant.

*Gregory A. White*, Lorain County Prosecuting Attorney, and *John S. Keressi, Jr.*, for appellee.

*Anthony J. Celebrezze, Jr.*, Attorney General, and *Vincent T. Lombardo*, for *amicus curiae* State Employment Relations Board.

STRAUSBAUGH, Judge.

This is an appeal by appellant from a judgment of the Franklin County Court of Common Pleas, which dismissed appellant's appeal from a decision

and entry issued by the State Employment Relations Board ("SERB"), for lack of subject-matter jurisdiction.

On August 8, 1985, appellant, Ohio Association of Public School Employees/AFSCME, AFL–CIO, was certified by SERB as the exclusive bargaining representative for certain employees of appellee, Lorain County Board of Mental Retardation and Developmental Disabilities. Following the election of appellant as the exclusive bargaining representative, appellee unilaterally instituted a time clock and sign-in procedure. During negotiations, several allegations of other unfair labor practices were resolved; however, the time clock and sign-in procedure remained as an alleged unfair labor practice. Appellant then filed an unfair labor practice charge with SERB alleging that appellee's refusal to bargain was unlawful. Pursuant to a "side letter" which was executed in February 1987, it was agreed that appellant would dismiss all unfair labor practice charges except for the time clock and sign-in issue. The parties nevertheless reached agreement on a new labor contract with reservation as to the foregoing issues which would be resolved by a neutral third party.

In its initial investigation report, a SERB investigator issued a memorandum dated October 1, 1986, which recommended that the charge be dismissed for failure to pursue. On November 19, 1986, general counsel for SERB disagreed with the initial investigator's recommendation and stated that there appeared sufficient information to give rise to probable cause sufficient for SERB to issue a complaint. Ultimately, SERB overruled the recommendation of its general counsel and found that the allegations giving rise to the unfair labor practice charge occurred more than ninety days prior to the filing of the charge with SERB. On that basis, SERB dismissed appellant's charge.

On December 16, 1986, appellant filed a notice of appeal from SERB's decision with the Franklin County Court of Common Pleas pursuant to R.C. Chapter 119. On June 16, 1989, the trial court rendered a decision overruling all of appellant's assignments of error, determining that it lacked proper subject-matter jurisdiction to entertain the appeal on the basis of this court's decision in *Ohio Assn. of Pub. School Emp. v. Cleveland Bd. of Edn.* (1987), 37 Ohio App.3d 126, 524 N.E.2d 532.

On appeal, appellant has set forth three assignments of error for this court's review:

"1. Whether the common pleas court erred in its determination that it lacked subject matter jurisdiction over the appeal?

"2.   Whether the trial court erred when it determined that SERB's decision was based upon reliable, probative and substantial evidence and was in accordance with law?

"3.   Whether R.C. §§ 4117.02(H)(3) and 4117.12(B) are unconstitutional on their face or as applied?"

Upon review of the record, we conclude that our decision as to appellant's first assignment of error is dispositive of both the first and second assignments of error.   In its first assignment of error, appellant argues that the trial court erred in dismissing its appeal on the basis that it lacked subject-matter jurisdiction since the order of SERB dismissing an unfair labor practice charge as untimely constitutes an adjudication within the meaning of R.C. Chapter 119 and therefore is a quasi-judicial proceeding from which an appeal to the court of common pleas may be pursued.   Appellant insists that when SERB fails to make a determination as to the probable cause for believing that an unfair labor practice has or has not occurred, but merely dismisses the charge, such an order constitutes a final order appealable under R.C. 4117.13(D).

R.C. 119.12 states, in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin county * * *."

However, in *State, ex rel. Bd. of Edn., v. State Bd. of Edn.* (1978), 53 Ohio St.2d 173, 7 O.O.3d 357, 373 N.E.2d 1238, certiorari denied (1978), 439 U.S. 865, 99 S.Ct. 190, 58 L.Ed.2d 175, the Supreme Court recognized that there exists a limitation upon appeals which may proceed pursuant to this provision. Specifically, the Supreme Court held:

"Before an appeal can successfully be brought to the Court of Common Pleas of Franklin County under the provisions of R.C. Chapter 119, the proceedings of the administrative agency must have been quasi-judicial in nature.   Section 4(B), Article IV of the Ohio Constitution;  paragraph one of the syllabus in *Fortner v. Thomas* (1970), 22 Ohio St.2d 13 [257 N.E.2d 371, 51 O.O.2d 35].   In employing the term 'quasi-judicial,' this court held in paragraph two of the syllabus in *M.J. Kelley Co. v. Cleveland* (1972), 32 Ohio St.2d 150 [61 O.O.2d 394, 290 N.E.2d 562], that:

" 'Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence.' " *Id.*, 53 Ohio St.2d at 176, 7 O.O.3d at 358, 373 N.E.2d at 1241.

■ This court relied upon the foregoing in its decision in *Cleveland Bd.*, *supra,* in which this court ultimately concluded in its two-paragraph syllabus:

"1.   When an unfair labor practice charge is filed, R.C. 4117.12 provides that the State Employment Relations Board or its designated agents shall investigate the charge.   R.C. 4117.12 does not require a formal hearing in which witnesses are sworn, testimony is taken and records are kept, unless the board has probable cause to believe that there has been a violation.   When the decision to dismiss an unfair labor practice charge is not made pursuant to a quasi-judicial proceeding (which proceeding is not required by R.C. Chapter 4117), appellant does not have a right to appeal under R.C. 119.12.

"2.   The order of the State Employment Relations Board dismissing an unfair labor practice charge, which order is not made pursuant to a quasi-judicial proceeding, is not a final order within R.C. 2505.02, 4117.13(D) or 119.12."

Accordingly, it is clear that before an appeal may be brought from an administrative order, the proceedings of the administrative agency must have been quasi-judicial in nature.   See *Staples v. Ohio Civ. Serv. Emp. Assn./American Fed. of State, Cty. & Mun. Emp., Local 11, AFL–CIO* (1986), 32 Ohio App.3d 9, 513 N.E.2d 821, appeal dismissed as moot (1987), 31 Ohio St.3d 602, 31 OBR 490, 510 N.E.2d 805; *Cleveland Bd., supra; Lorain Edn. Assn. v. Lorain City Bd. of Edn.* (1987), 41 Ohio App.3d 349, 535 N.E.2d 1383.

■ We conclude that there exists no valid reason for distinguishing this court's decision in *Cleveland Bd., supra,* from the facts of the present case. While SERB made an investigation pursuant to R.C. 4117.12 so as to determine whether a complaint should be filed, no hearings were held on the matter before a hearing officer nor is such required by R.C. 4117.12.   SERB ultimately concluded that no complaint should be filed since appellant failed to comply with the ninety-day time requirement set forth in R.C. 4117.12, which provides, in pertinent part:

"(B) When anyone files a charge with the board alleging that an unfair labor practice has been committed, the board or its designated agent shall investigate the charge. If the board has probable cause for believing that a violation has occurred, the board shall issue a complaint and shall conduct a hearing concerning the charge. The board shall cause the complaint to be served upon the charged party which shall contain a notice of the time at which the hearing on the complaint will be held either before the board, a board member, or a hearing officer. The board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board, unless the person aggrieved thereby is prevented from filing the charge by reason of service in the armed forces, in which event the ninety-day period shall be computed from the day of his discharge. * * *"

In the present case, we find no error by the trial court in dismissing appellant's appeal on the basis of this court's decision in *Cleveland Bd.*, *supra*. We note that at least one other court of appeals has reached a similar conclusion. In *Boieru v. State Emp. Relations Bd.* (1988), 54 Ohio App.3d 23, 560 N.E.2d 801, the court was faced with a similar question and concluded that the decision to prosecute or not to prosecute a claim is a purely executory function and is nonjudicial. Since appellant did not receive a hearing on the merits of its claim and this cannot therefore be a quasi-judicial proceeding, we conclude that there can be no final order from which appellant can seek appeal. Cf. *State, ex rel. Harris, v. Williams* (1985), 18 Ohio St.3d 198, 18 OBR 263, 480 N.E.2d 471. Accordingly, appellant's first assignment of error is not well taken and is overruled.

Appellant next argues in its second assignment of error that SERB's decision was not supported by reliable, probative, and substantial evidence. However, based upon our decision regarding appellant's first assignment of error, in which we concluded that the trial court did not have subject-matter jurisdiction to entertain appellant's appeal, we find that appellant's second assignment of error, which addresses the merits of appellant's appeal, was not properly before the trial court. On this basis, appellant's second assignment of error is not well taken and is overruled.

Finally, in its third assignment of error, appellant insists that R.C. 4117.-02(H)(3) and 4117.12(B) are unconstitutional on their face and as applied since they allow SERB to take quasi-judicial action without giving prior notice and an opportunity to be heard on the merits of a charge. In dismissing this case

on the basis of untimeliness, without even informing appellant that this was an issue and giving appellant an opportunity to rebut the evidence, appellant argues that SERB violated the principles of due process.

█ At the outset, we note that legislative acts enjoy a strong presumption of constitutionality and any challenge must establish beyond a reasonable doubt that the legislative enactment is unconstitutional. *Ohio Public Interest Action Group v. Pub. Util. Comm.* (1975), 43 Ohio St.2d 175, 72 O.O.2d 98, 331 N.E.2d 730; *State, ex rel. Jackman, v. Cuyahoga Cty. Court of Common Pleas* (1967), 9 Ohio St.2d 159, 38 O.O.2d 404, 224 N.E.2d 906; *State, ex rel. Dickman, v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59. In *Twinsburg v. State Emp. Relations Bd.* (1988), 39 Ohio St.3d 226, 530 N.E.2d 26, reversed on other grounds (1989), 43 Ohio St.3d 1, 539 N.E.2d 103, the Supreme Court held:

" * * * Generally, 'all legislative enactments enjoy a presumption of constitutionality[,]' and 'the courts must apply all presumptions and pertinent rules of construction so as to uphold, if at all possible, a statute or ordinance assailed as unconstitutional.' *State v. Dorso* (1983), 4 Ohio St.3d 60, 61, 4 OBR 150, 151, 446 N.E.2d 449, 450. * * * " *Id.*, 39 Ohio St.3d at 227, 530 N.E.2d at 28.

█ In the present case, we conclude that appellant has failed in its burden to demonstrate that the legislation which it attacks is unconstitutional. See *Rocky River v. State Emp. Relations Bd.* (1989), 43 Ohio St.3d 1, 539 N.E.2d 103. We have previously concluded that SERB's decision whether or not to prosecute a claim is an executory and not a judicial function. As noted by the Supreme Court in *State, ex rel. Zugravu, v. O'Brien* (1935), 130 Ohio St. 23, 3 O.O. 74, 196 N.E. 664:

"Where the authority to hear and determine controversies which do not involve the exercise of judicial power is conferred by the Legislature upon the executive or administrative branch of state government, with finality of determination, there is no denial of due process of law under the state or federal Constitution; so if the power to be exercised is purely executive or administrative, no recourse to the courts by appeal or error need be provided to assure the constitutional validity of the empowering act. *Stanton, Pros. Atty., v. State Tax Commission* [1926], 114 Ohio St., 658, 151 N.E., 760 * * *." *Id.*, 130 Ohio St. at 28–29, 3 O.O. at 76, 196 N.E. at 667.

As noted by the court in *Boieru, supra,* a SERB dismissal of an unfair labor practice charge is not judicial in nature. Specifically, the court recognized:

"The decision to prosecute or not to prosecute a claim is a purely executory and nonjudicial function. This is true because the decision involves public and not private rights, *viz.,* the enforcement of unfair labor practices proscribed by R.C. Chapter 4117. The function of SERB under R.C. 4117.12 in conducting an investigation to determine whether a complaint shall be issued is akin to the discretionary determination of a county prosecutor to seek a grand jury indictment or akin to a decision of a grand jury to indict or not to indict an alleged violator of a criminal offense. Neither decision would be appealable." *Id.,* 54 Ohio App.3d at 27, 560 N.E.2d at 806.

We conclude that a SERB dismissal of an unfair labor practice charge is not judicial in nature, and therefore the fact that R.C. Chapter 4117 does not provide for an appeal is not violative of Section 16, Article I of the Ohio Constitution or the Fourteenth Amendment to the United States Constitution. Accordingly, appellant's third assignment of error is not well taken and is overruled.

Based upon the foregoing, appellant's assignments of error are not well taken and are overruled. The judgment of the trial court is hereby affirmed.

*Judgment affirmed.*

REILLY, P.J., and RADCLIFFE, J., concur.

GERALD E. RADCLIFFE, J., of the Ross County Court of Common Pleas, sitting by assignment.