**SIEBENALER et al., Appellants,**

v.

**OTTAWA HILLS LOCAL SCHOOL DISTRICT et al., Appellees.**

2010-Ohio-3201.]

Court of Common Pleas of Ohio,
Franklin County.

No. 09 CVF 10–15465.

Decided Feb. 26, 2010.

Patricia Kovacs, for appellants.

Todd Marti, for appellee Ohio Superintendent of Public Instruction.

Cheryl Wolff, for appellee Ottawa Hills Local School District.

TIMOTHY S. HORTON, Judge.

{¶ 1} This matter is before the court on an appeal of appellants that concerns the decision of the Ohio Superintendent of Public Instructions, which held that Appellants were not residents of Ottawa Hills. Appellants also named the Ottawa Hills Local School District ("Ottawa") within their appeal.

**Factual and Procedural History**

{¶ 2} Ottawa became aware that appellants were living outside its school district while appellants' children attended school in Ottawa. Ottawa determined that appellants did not reside within the boundaries of the district and therefore, it sought tuition from appellants. Appellants disagreed with that determination and requested that the superintendent make a determination under R.C. 3313.64(K).

{¶ 3} Appellants maintained two homes in the Toledo metropolitan area. One property, 30209 Morningside Drive, Perrysburg, was purchased by appellants in

April 2007. That property is not within the Ottawa school district. Appellants also owned 2250 Westchester Road, a property that is within the Ottawa school boundaries.

{¶ 4} Ottawa became concerned with the residency issue, and it investigated to see whether appellants lived in Ottawa or Perrysburg. Appellants claimed that they lived in Ottawa and submitted documentary evidence to support that contention. Ottawa produced affidavit testimony and documentary evidence that supported its belief that appellants did not live in Ottawa, but really lived in Perrysburg.

{¶ 5} The evidence was submitted for review by the superintendent and a decision was made pursuant to R.C. 3313.64(K) that was adverse to appellants. Appellants timely filed the instant appeal.

{¶ 6} The superintendent raises the issue of this court's subject-matter jurisdiction. The superintendent argues that the decision process created by R.C. 3313.64(K) does not trigger appeal rights associated with R.C. 119. Appellants' reply brief further contends that the superintendent's decision was a sufficient quasi-judicial proceeding for the purpose of an R.C. 119 appeal. This matter is ripe for review.

**Standard of Review**

{¶ 7} Review by this court of an administrative agency, such as a board of education, is governed by R.C. 119.12 and the multitude of cases addressing that section. The most often cited case is that of *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 111–112, 17 O.O.3d 65, 407 N.E.2d 1265. *Conrad* provides that in an administrative appeal filed pursuant to R.C. 119.12, the trial court must review the agency's order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with law. *Conrad* stated:

{¶ 8} "In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. However, the findings of the agency are by no means conclusive.

{¶ 9} "Where the court, in its appraisal of the evidence, determines that there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination, the court may reverse, vacate or modify the administrative order. Thus, where a witness'

testimony is internally inconsistent, or is impeached by evidence of a prior inconsistent statement, the court may properly decide that such testimony should be given no weight. Likewise, where it appears that the administrative determination rests upon inferences improperly drawn from the evidence adduced, the court may reverse the administrative order." Id.

{¶ 10} *Conrad* has been cited with approval numerous times. *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 471, 613 N.E.2d 591, noted *Conrad* and determined that although a review of applicable law is de novo, the reviewing court should defer to the agency's factual findings.

{¶ 11} The superintendent argues that this court does not have subject-matter jurisdiction. Such argument is similar to a motion to dismiss pursuant to Civ.R. 12(B)(1). The standard of review for a Civ.R. 12(B)(1) motion to dismiss is "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 80, 537 N.E.2d 641. When making this determination, the trial court is not confined to the allegations of the complaint, but may consider material pertinent to that inquiry without converting the motion into one for summary judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, paragraph one of the syllabus. If the trial court considers only the complaint and undisputed facts when ruling on the motion, then appellate review is limited to a determination of whether the facts are indeed undisputed and whether the trial court correctly applied the law. *Wilkerson v. Howell Contrs., Inc.* (2005), 163 Ohio App.3d 38, 43, 836 N.E.2d 29. The court will apply this standard to the pending motion. Given that the jurisdictional issue is paramount, this court will address that matter first.

{¶ 12} The superintendent contends that R.C. 3313.64(K) is not subject to an appeal pursuant to R.C. 119.12. A review of the notice of appeal reveals that appellants are proceeding only under R.C. 119.12 and they have not sought relief in mandamus. The superintendent argues that the language of the code does not reflect a proceeding that would trigger the appeal rights as found within R.C. 119.12. The court notes the following language from R.C. 3313.64(K):

{¶ 13} "In the event of a disagreement, the superintendent of public instruction shall determine the school district in which the parent resides."

{¶ 14} The superintendent further argues that the plain language of the section does not allow any hearing or other quasi-judicial activity. The superintendent reviews the information presented and makes a decision. There is no argument, briefing, subpoena power, or record.

{¶ 15} Appellants rely on the language of R.C. 3301.13:

{¶ 16} "In the exercise of any of its functions or powers, including the power to make rules and regulations and to prescribe minimum standards the department of education, and any officer or agency therein, shall be subject to Chapter 119. of the Revised Code." Appellants contend that R.C. 3313.64(K) meets the requirements of a quasi-judicial proceeding. Appellants also rely on *In re Assignment of New Riegel Local School Dist.* (1982), 8 Ohio App.3d 306, 309, 456 N.E.2d 1245, which provides, "A quasi-judicial proceeding requires notice, having an opportunity to introduce evidence and the exercise of discretion."

{¶ 17} The superintendent relies on *Ohio Assn. of Pub. School Emps. v. Cleveland City School Dist. Bd. of Edn.* (1987), 37 Ohio App.3d 126, 524 N.E.2d 532, paragraph one of the syllabus, which provides:

{¶ 18} "When an unfair labor practice charge is filed, R.C. 4117.12 provides that the State Employment Relations Board or its designated agents shall investigate the charge. R.C. 4117.12 *does not require a formal hearing in which witnesses are sworn, testimony is taken and records are kept,* unless the board has probable cause to believe that there has been a violation. When the decision to dismiss an unfair labor practice charge is not made pursuant to a quasi-judicial proceeding (which proceeding is not required by R.C. Chapter 4117), appellant does not have a right to appeal under R.C. 119.12." (Emphasis added.) By analogy, the superintendent contends that the same is true with the application of R.C. 3313.64(K).

{¶ 19} This court has reviewed the cases and has conducted its own research to determine the validity of the superintendent's argument. The court notes the following from *Ohio Assn. of Pub. School Emps. v. Lorain Cty. Bd. of Mental Retardation* (1991), 72 Ohio App.3d 74, 77, 593 N.E.2d 452:

{¶ 20} "R.C. 119.12 states, in pertinent part: 'Any party adversely affected by any order of an agency issued pursuant to any other adjudication may appeal to the court of common pleas of Franklin County * * *.'

{¶ 21} "However, the Supreme Court recognized that there exists a limitation upon appeals which may proceed pursuant to this provision. Specifically, the Supreme Court held: 'Before an appeal can successfully be brought to the Court of Common Pleas of Franklin County under the provisions of R.C. Chapter 119, the proceedings of the administrative agency must have been quasi-judicial in nature. In employing the term 'quasi-judicial,' this court held that:

{¶ 22} " ' "Proceedings of administrative officers and agencies are not quasi-judicial where there is no requirement for notice, hearing and the opportunity for introduction of evidence." ' "

{¶ 23} "Accordingly, it is clear that before an appeal may be brought from an administrative order, the proceedings of the administrative agency must have been quasi-judicial in nature.

{¶ 24} "We conclude that there exists no valid reason for distinguishing this court's decision in *Cleveland Bd.*, *supra*, from the facts of the present case. While SERB made an investigation pursuant to R.C. 4117.12 so as to determine whether a complaint should be filed, no hearings were held on the matter before a hearing officer nor is such required by R.C. 4117.12. SERB ultimately concluded that no complaint should be filed since appellant failed to comply with the ninety-day time requirement set forth in R.C. 4117.12." (Citations omitted.)

{¶ 25} After a review of the cases cited by the parties and the applicable statutory language, it is clear that the type of review mandated by R.C. 3313.64(K) is much less than a quasi-judicial proceeding as contemplated within R.C. 119.12. There is no opportunity to testify, no right to confront or cross-examine any witnesses, and no opportunity to secure evidence by subpoena. Therefore, this court lacks subject-matter jurisdiction to address appellants' R.C. 119 appeal.

{¶ 26} Having determined that there is no subject-matter jurisdiction, this court may not address the merits of appellants' appeal. However, the record was reviewed, and it appears that the superintendent's decision was supported by the required evidence and in accordance with law.

{¶ 27} Having applied the law to the facts and reviewed the arguments of both parties, this court holds that it lacks subject-matter jurisdiction, and therefore appellants' appeal is dismissed. This is a final and appealable order.

So ordered.